Slaughter, J., dissenting.
I agree that the trial court abused its discretion in excluding evidence of Dr. Paschall's past licensure status. This evidence was relevant to his credibility as a medical expert and had significant probative value. But its exclusion was not harmless. I would reverse the trial court's judgment for Manning and remand for a new damages trial.
Dr. Paschall's testimony was the lynchpin of Manning's case. The record shows that the doctor has twice received professional discipline from Indiana's licensing authority since 2009-the more recent occurring only months after he examined Manning. Because of the trial court's evidentiary ruling, the jury never learned of the doctor's troubled record. I do not take issue with the Court's conclusion that Evidence Rule 608(b) prevented Tunstall from impeaching the doctor with "specific instances" of his prior misconduct. But that rule did not foreclose her from impeaching the doctor with the fact of his prior discipline. Even if the jury could not learn the "specific instances" of misconduct prompting the doctor's discipline, a reasonable jury would diminish the weight it assigned to the testimony of a doctor sanctioned not once but twice, especially when considering his testimony against that of two other experts without such baggage.
The Court holds otherwise. It concludes that no reasonable jury would have been swayed by this evidence because Tunstall challenged Dr. Paschall's testimony in other ways during the trial. True enough. But such challenges do not carry the same weight as official sanctions by a medical licensing board charged with deciding who is fit to practice medicine. The fact and recency of Dr. Paschall's past professional discipline persuade me that this evidence likely would influence how a reasonable jury weighs his testimony. In my view, the exclusion of this evidence was not only erroneous but also prejudicial.
For these reasons, I respectfully dissent.